NOT FOR PUBLICATION                              [Docket No. 7]

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

| | |
|---|---|
| TEAMSTERS HEALTH AND WELFARE FUND OF PHILADELPHIA AND VICINITY, et al., | Civ. No. 14-5814 (RMB/JS) |
| Plaintiffs, | **MEMORANDUM ORDER** |
| v. | |
| F. STEA & SON, INC. a/k/a STEA BROS., INC., | |
| Defendant. | |

**BUMB**, United States District Judge:

Plaintiffs Teamsters Health and Welfare Fund of Philadelphia and Vicinity (the "Welfare Fund"), Teamsters Pension Trust Fund of Philadelphia and Vicinity (the "Pension Fund"), and William J. Einhorn, Administrator (collectively the "Plaintiffs") have moved for default judgment against Defendant F. Stea & Son, Inc. a/k/a Stea Bros., Inc. (the "Defendant") pursuant to Federal Rule of Civil Procedure 55(b)(2). For the reasons that follow, Plaintiffs' motion is GRANTED.

On September 18, 2014, Plaintiffs commenced the above-captioned action against Defendant pursuant to Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185, Section 502 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132, and Section 515 of ERISA, 29

1

U.S.C. § 1145.  Plaintiffs assert that, pursuant to the Collective Bargaining Agreements ("Labor Contracts") and the Agreement and Declarations of Trust ("Trust Agreement") to which Defendant was a party and/or agreed to abide by, that Defendant is obligated to make certain contributions to Plaintiffs. Compl. ¶¶ 7-9 [Docket No. 1].  However, an internal compliance audit revealed that Defendant has failed to remit the full amount of the required contributions for the period January 1, 2014 through February 28, 2014.  Id. at ¶ 10.  The Plaintiffs attempted to conduct an audit for the year 2013 by requesting the Defendant's cooperation in producing the documents necessary for the audit.  Id. at ¶¶ 10-11.  The Plaintiffs requested the Defendant's cooperation by letter on three separate occasions. Id. at ¶ 11 & Ex. 3, 4.  The Defendant failed to respond to each of the three letters.  Compl. ¶ 11.

Service of the Summons and Complaint were made upon Defendant on February 17, 2015. [Docket No. 5].  The time for Defendant's response expired on March 10, 2015, and Defendant has neither answered nor otherwise responded to the Complaint. On March 13, 2015, Plaintiffs requested an entry of default, which the Clerk subsequently entered.  See Entry of Default [Docket No. 6].  Plaintiffs filed the instant motion on June 2, 2015, which was served upon Defendant by First Class Mail. [Docket No. 7].  Defendant also failed to respond to the motion.

"Before granting a default judgment, the Court must determine (1) whether there is sufficient proof of service, (2) whether a sufficient cause of action was stated, and (3) whether default judgment is proper." Teamsters Health & Welfare Fund of Phila. & Vicinity v. Rock Canyon, Inc., No. 14-4425, 2015 WL 881694, at *1 (D.N.J. Mar. 2, 2015) amended on reconsideration, 2015 WL 1321722 (D.N.J. Mar. 24, 2015) (quoting Teamsters Health & Welfare Fund of Phila. & Vicinity v. Dubin Paper Co., No. 11-7137, 2012 WL 3018062, at *2 (D.N.J. July 24, 2012)).  Whether default judgment is proper depends on (1) whether a plaintiff will be prejudiced if default is not granted, (2) whether a defendant has a meritorious defense, and (3) whether the defendant's delay is the result of culpable misconduct.  Butler v. Pennsylvania Bd. of Prob. & Parole, 613 F. App'x 119, 122 (3d Cir. 2015) (quoting Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000)).  As noted above, the docket reflects that the summons and complaint were served personally upon Anthony Stea, a manager of Defendant.  When Defendant failed to respond to the Complaint, Plaintiffs properly sought entry of default pursuant to Federal Rule of Civil Procedure 55(a).

"Under ERISA, an employer who is obligated to contribute to a plan under the terms of a collective bargaining agreement must make such contributions in accordance with the terms and

conditions of that agreement." Laborers Int'l Union of N. Am. Local No. 199 Welfare, Pension, Apprenticeship & Training Annuity v. RAMCO Solutions, No. 11-4976, 2013 WL 4517935, at *4 (D.N.J. Aug. 26, 2013) ("LIUNA") (citing ERISA Section 515, 29 U.S.C. § 1145); see also Rock Canyon, 2015 WL 881694, at *1. Section 502(a) permits a plan fiduciary to sue an employer for failure to make the required contributions. 29 U.S.C. § 1132(a). If a court enters judgment in favor of the plan fiduciary, ERISA section 502(g)(2) requires the court to award (1) unpaid contributions; (2) interest on the unpaid contributions; (3) liquidated damages; (4) reasonable attorneys' fees and costs; and (5) other relief the court deems appropriate. 29 U.S.C. § 1132(g)(2); see also Rock Canyon, 2015 WL 881694, at *1; LIUNA, 2013 WL 4517935, at *4.

According to the Complaint, Defendant was a party to and/or agreed to abide by the terms of the Labor Contracts obligating it to remit fringe benefit contributions to Plaintiffs in a timely manner on behalf of eligible employees.[1] Compl. ¶¶ 7-9. In connection with the motion for default judgment, Plaintiffs submitted a Labor Contract entered into by Teamsters Local Union No. 929, inter alia, and the Regional Produce Cooperative

---

[1] "A consequence of the entry of a default judgment is that 'the factual allegations of the complaint . . . will be taken as true.'" Comdyne I, Inc. v. Corbin, 908 F.2d 1142, 1149 (3d Cir. 1990) (citation omitted).

Corporation ("RPCC"), dated February 1, 2013, and effective for the period February 1, 2013 through January 31, 2016.  Motion Ex. 1.  RPCC signed the Labor Contract as the authorized bargaining agent for several firms listed on Schedule A attached to the agreement, including the Defendant.  Id.  Accordingly, the Court is persuaded that Defendant was obligated to make contributions pursuant to the Labor Contracts.

While Defendant's default constitutes an admission of the allegations in the Complaint, "[a] default is not an admission of the amount of damages claimed." Operative Plasterers & Cement Masons Int'l Ass'n Local No. 8 v. Specialty Stucco Restoration, No. 05-5879, 2006 U.S. Dist. LEXIS 92460, at *7 (D.N.J. Dec. 20, 2006)(citation omitted).  Here, Plaintiffs further allege that it performed an internal compliance audit, which revealed that Defendant owes a total of $7,866.70 to the Plaintiffs, which represents $2,271.90 owed to the Pension Fund and $5,594.80 owed to the Welfare Fund.  Compl. ¶ 10 & Ex. 2. In connection with the motion for default judgment, Plaintiffs additionally provide a copy of the stop payment notices on the checks previously issued by the Defendant in the amounts owed. Motion Ex. 3.  Accordingly, Plaintiffs' allegations sufficiently state a cause of action under ERISA.

As to whether default is proper, Defendant's failure to respond to Plaintiffs' Complaint or to oppose the motion for

default judgment has deprived Plaintiffs of the opportunity to litigate their claims against Defendant.  And, Defendant's failure to make the required contributions can negatively impact Plaintiffs' ability to pay their beneficiaries and thus Plaintiffs will be prejudiced if default judgment is not entered in their favor.  See New Jersey Bldg. Laborers' Statewide Pension Fund & Trustees Thereof v. Pulaski Const., No. 13-519, 2014 WL 793563, at *3 (D.N.J. Feb. 26, 2014); Specialty Stucco Restoration, 2006 U.S. Dist. LEXIS 92460, at *7.  Moreover, because Defendant has failed to file a responsive pleading indicating why default judgment should not be entered in Plaintiffs' favor, the Court is "not in a position to determine whether [Defendant] has any meritorious defense or whether any delay is the result of culpable misconduct."  See Specialty Stucco Restoration, 2006 U.S. Dist. LEXIS 92460, at *6-7 (quoting Carpenters Health & Welfare Fund v. Naglak Design, No. 94-2829, 1995 U.S. Dist. LEXIS 566, at *7 (E.D. Pa. Jan 18, 1995)); see also Pulaski Construction, 2014 WL 793563, at *3 ("The Court has no duty to construct a defense for Defendant."). Accordingly, these factors favor entry of default judgment against Defendant.

Because this action seeks delinquent contributions, this Court must award (1) the unpaid contributions; (2) interest; (3) the greater of either interest or liquidated damages

provided under the plan not to exceed 20% of the unpaid contributions; and (4) reasonable attorneys' fees and costs. 29 U.S.C. § 1132(g)(2). Here, Plaintiffs submitted an audit report showing outstanding remittances in the total amount of $7,866.70. Compl. Ex. 2. Plaintiffs further seek interest through May 29, 2015 in the amounts of $199.83 to the Welfare Fund and $81.15 to the Pension Fund, for a total of $280.98. These figures were calculated using an interest amortizations software program T-Value prepared by Plaintiffs' counsel, Susan A. Murray. Decl. of Susan A. Murray ¶ 7, Motion Ex. 7; see also Motion Ex. 9. Plaintiffs further submitted the interest calculations setting forth the interest owed through May 29, 2015 amounting to $199.83 owed to the Welfare Fund and $81.15 owed to the Pension Fund. Motion Ex. 9. The Court finds that these amounts are properly calculated and supported.

Plaintiffs also seek a total of $786.67 as liquidated damages on late paid contributions, comprising $559.48 to the Welfare Fund and $227.19 to the Pension Fund, noting that Sections 20.1(g) and 25.3 of the Labor Contract between the parties permits such liquidated damages in an amount of 10% of the outstanding contributions. Motion Ex. 1. The Court finds that these amounts are properly calculated and supported.

Plaintiffs also seek attorneys' fees in the amount of $4,171.00 and costs of $578.76, for a total of $4,749.76. Decl.

of Susan A. Murray ¶ 4; see also Motion Ex. 8.  In support of
their request, Plaintiffs submit timesheets reflecting the legal
services performed on the specified date and by whom they were
performed.  See Motion Ex. 8.  In addition, counsel provides the
hourly rates charged as follows: $250 to $325/hour for partner,
Susan A. Murray, and $150/hour for senior paralegal, Kristine G.
Becker.  Decl. of Susan A. Murray ¶ 4.  Murray's hourly rate
increased from $250/hour to $325/hour during the pendency of
this case.  Id. at ¶ 5.  In reviewing the timesheets, Murray's
rate was $250/hour for each of the 2014 entries, while all 2015
entries were billed at $325/hour.  Motion Ex. 8.  Becker's rate
was $150/hour for all time entries, except for three entries.
Becker's first entry dated July 30, 2014 was billed at
$0.00/hour, while her January 29, 2015 and May 29, 2015 entries
were billed at $200/hour.  Id.  According to the Court's
calculation, Becker spent 12.2 hours preparing the Complaint,
coordinating service of process, preparing the motion to extend
time for service, preparing the request for default, and
calculating interest and liquidated damages, among other tasks.
Murray spent 6.8 hours preparing the final demand letter to the
Defendant, reviewing and revising the complaint, and preparing
the motion for default judgment, among other tasks.

    The Court finds that Murray's fees are reasonable in light
of the nature of the case and the services rendered.  See, e.g.,

LIUNA, 2013 WL 4517935, at *5 (finding 10.6 hours of work at a
rate of $300/hour reasonable in ERISA matter).

As for the fees associated with Becker's services, the
Court first observes that Becker's hourly rate of $150 exceeds
the rates courts generally have found to be reasonable for
paralegal work.  Cf. J & J Sports Prods., Inc. v. Castro, No.
14-557, 2015 WL 389381, at *5 (D.N.J. Jan. 28, 2015) (finding
$95/hour to be reasonable rate for paralegal); Trustees of Nat.
Elevator Industry Pension, Health Ben., Educational, Elevator
Industry Work Preservation Funds v. Elevator Guild, LLC, No. 11-
2870, 2013 WL 271888, at *4 (E.D. Pa. Jan. 23, 2013) (finding
plaintiffs had adequately demonstrated $118/hour rate for
paralegal was reasonable); Bucceroni v. City of Phil., No. 03-
6371, 2006 WL 3420298, at *3 (E.D. Pa. Nov. 27, 2006) (awarding
fees at rate of $100/hour for paralegal); Haisley v. Sedgwick
Claims Mgmt. Servs., Inc., No. 08-1463, 2011 WL 4565494, at *10
(W.D. Pa. Sept. 29, 2011) (finding plaintiffs failed to
demonstrate $125/hour is a reasonable rate for paralegals).

In support of Becker's $150/hour rate, however, Plaintiffs
submit the Declaration of Susan A. Murray, who attests that
Becker has been employed as a paralegal working for attorneys
who represent Taft-Hartley Funds since 1997.  Decl. of Susan A.
Murray ¶ 3.  Becker has been employed by Freedman & Lorry, P.C.,
Plaintiffs' counsel, as an ERISA paralegal for over fourteen

years.  Id.  She has familiarity with bankruptcy and ERISA law and performs legal research, drafts pleadings, and assists counsel in trial preparation, in addition to other legal tasks. Id.  Based upon counsel's declaration and the nature of services performed by Becker (e.g., drafting the Complaint and the motion for default judgment and calculating amounts due), the Court is persuaded that $150/hour is a reasonable hourly rate for the services provided by Becker.

While the Court finds the hourly rates charged for the work performed by Murray and Becker reasonable, the timesheets do not support Plaintiffs' ultimate calculation of $4,171.00 in attorneys' fees.  According to the Court's calculation and the timesheets provided to the Court by the Plaintiffs, the Plaintiffs incurred $3,610.00 in attorneys' fees, representing $990.00 in unbilled fees and $2,620.00 in billed fees.  Motion Ex. 8.  As such, the Plaintiffs shall be awarded only the fees supported by the documentation, namely $3,610.00.

In addition, the Court finds that the costs incurred in the amount of $578.76, which includes filing and service fees, are reasonable and should be awarded.

ACCORDINGLY, FOR THESE REASONS, IT IS on this, the **27th** day of **October** **2015**, hereby

**ORDERED** that Plaintiffs' motion for default judgment is **GRANTED**; and it is further

10

**ORDERED** that judgment shall be entered in favor of Plaintiffs and against Defendant in the amount of $13,123.11, representing $5,594.80 in unpaid benefit contributions to the Welfare Fund, $2,271.90 in unpaid benefit contributions to the Pension Fund, $559.48 in liquidated damages to the Welfare Fund, $227.19 in liquidated damages to the Pension Fund, $199.83 in accrued interest to the Welfare Fund, $81.15 in accrued interest to the Pension fund, $3,610.00 in attorneys' fees, and $578.76 in costs; and it is further

**ORDERED** that Defendant must produce its records for the year 2013 to Plaintiffs for the purpose of conducting an audit as permitted by Sections 20.1(i) and 25 of the Labor Contract within forty-five (45) days of the entry of this Order.  Motion Ex. 1.

                              s/Renée Marie Bumb_
                              RENÉE MARIE BUMB
                              UNITED STATES DISTRICT JUDGE